UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REGINA B. WYNN,

        Plaintiff

  v.                                                       C-1-03-417

NATIONAL CITY BANK, *et al.*,

        Defendants

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 32), plaintiff's objections (doc. no. 36) and defendants' response (doc. no. 39). The Magistrate Judge concluded that this Court does not have jurisdiction over the Settlement Agreement through its dismissal order and therefore recommended that plaintiff's Motion for Contempt (doc. no. 24) be denied.

Plaintiff objects to the Judge's Report and Recommendation on the grounds that his findings are contrary to law.

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiff's Motion for Contempt (Doc. 24), Defendants' Memorandum in Opposition (Doc. 26), and Plaintiff's Reply thereto (Doc. 30). For the following reasons, the Plaintiff's Motion for Contempt should be denied.

## BACKGROUND

Plaintiff, proceeding *pro se*, alleges that Defendants, National City Bank, First Franklin Loan Services, Altegra Credit Company Loan Services, ("Defendants"), violated a settlement agreement between both parties made on August 9, 2005.

In 2003, Defendants began the foreclosure process against Plaintiff. (Doc. 30, p. 2, ¶ 4). In response, Plaintiff filed a Complaint against Defendants on June 10, 2003, asserting claims arising out of the mortgage agreement. (Doc. 26, p. 1, ¶ 2). Following prolonged mediation and settlement negotiations, with the Court's assistance, the parties prepared and signed a Settlement Agreement on August 9, 2005. (Doc. 23, pp. 36-37).

The settlement agreement reflected, in short, that Plaintiff was to be given a specified amount of time to obtain a new loan, from a new lender, in order to refinance the mortgage loan held by Defendants. (Doc 18). In the event Plaintiff was unable to obtain a new loan, Defendants would continue to hold the original loan. However, a modification agreement made between the parties would be in effect, thereby modifying the original loan agreement and terms. (Id.).

Both Plaintiff's and Defendants' records are silent with regard to whether Plaintiff obtained a new loan. However, it is assumed that Plaintiff was unable to obtain new financing as National City still carries Plaintiff's mortgage, and has again filed a foreclosure action in the Hamilton County Common Pleas Court. (Doc. 26).

3

Apparently after being unable to obtain a new mortgage, Plaintiff continued to make payments to Defendants under the modification agreement. Plaintiff states, however, that for a period of approximately four (4) months, from December, 2005 to April, 2006, the payments were delayed by 30 to 60 minutes each visit. (Doc. 24, at ¶ 4). Furthermore, from May, 2006 to August, 2006 Plaintiff alleges that Defendants' agents prevented Plaintiff from making payments on the mortgage entirely. (Doc. 24, p. 1, ¶ 5).

Although not plainly stated by Plaintiff, Plaintiff appears to allege that Defendants had communicated they no longer owned the loan and mortgage, and as such, could not accept Plaintiff's payments. (Doc. 24, at ¶ 6-8). As a result, Plaintiff seeks, among other things, $1.5 million in punitive and compensatory damages. (Doc. 24, at ¶ 1).

In their Memorandum in Opposition, Defendants do not address the specific allegation of ownership. Rather, Defendants argue that Plaintiff's motion fails due to the absence of any clear and convincing evidence the Defendant violated a definite and specific order of the court. (Doc. 26). Furthermore, Defendants allege that, as a private contract between parties, the settlement agreement is not subject to the Court's jurisdiction, and that the Court does not have the jurisdiction to enforce the settlement agreement. (*Id.* at 3-4).

4

## OPINION

Plaintiff's Motion for Contempt should be DENIED

The ultimate issue to be decided is whether the district court retained jurisdiction over the settlement agreement when it issued its dismissal order on August 11, 2005. A District Court will be found to have retained jurisdiction over a settlement agreement by one of two methods: 1) a provision retaining jurisdiction, or 2) incorporation. *RE/MAX Int'l, Inc. V. Realty One, Inc.*, 271 F.3d 633, 641-642 (6th Cir. Ohio 2001)(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (U.S. 1994)).

Jurisdiction is retained by a district court when its order expressly retains jurisdiction over the settlement agreement. *Id.* at 381. As defined in *Caudill*, ancillary jurisdiction was designed "(1) to permit a court to dispose of factually independent claims and/or (2) to enable a court to manage its proceedings, vindicate its authority, and effectuate its decrees." *Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. Mich. 2000).

In *Kokkonen*, following a suit alleging a breach of contract, a settlement agreement was reached between both parties. *Kokkonen*, 511 U.S. at 375. The court executed a stipulation and order of dismissal with prejudice, failing to refer to the settlement agreement, or retaining jurisdiction to enforce the agreement. *Id.* The court held that, because the parties obligation to comply with the terms of the settlement agreement "was not 'made part' of the order of dismissal, or by a

separate provision 'retaining jurisdiction' over the settlement agreement, ... did not have jurisdiction over the agreement." *Caudill,* 200 F.3d at 916. However, if the court had made the settlement agreement part of the dismissal order, ancillary jurisdiction to enforce the settlement agreement would have existed and the court could have, in fact, heard the case. *See Id.* at 917.

Incorporation of a settlement agreement takes place when, in the courts dismissal order, the court has incorporated the terms of settlement agreement within the court order**.** *Id.* at 642. Statements such as "pursuant to the terms of the settlement" or "pursuant to the terms of the parties' settlement agreement" in its dismissal order, have been found by the Sixth Circuit to be insufficient to satisfy the incorporation requirement. *Caudill v. North Am. Media Corp.*, 200 F.3d 914, 917 (6th Cir. Mich. 2000). In its dismissal order dated August 11, 2005, the district court did not incorporate, in any form, the settlement agreement between the parties. Nor did the court refer to a settlement agreement between the parties. As such, this Court must follow the Sixth Circuit's lead in "strictly applying the holding of *Kokkonen*." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502 (6th Cir. Ky. 2000).

6

As in *Kokkonen*, when the district court issued its Stipulation and Order of Dismissal with Prejudice it did not refer to the settlement agreement, or specifically retain jurisdiction over the agreement.  However, because the settlement agreement provided that the district court and state court would be the appropriate jurisdiction to hear disagreements arising from the settlement agreement, this Court is an appropriate venue for a new action, based solely upon the settlement agreement itself, not one arising from the previous case.  *See Kokkonen*, 511 U.S. at 381 ("The suit involves a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit.")

Although the transcripts appear to show that the district court intended to retain jurisdiction when it stated "both parties would be protected [by the settlement agreement] and they would be protected by an order of this Court," by failing to either retain jurisdiction or incorporate the settlement agreement in its dismissal order, this Court cannot permit this motion to go forward in its current form.

However, Defendants statement that "this Court lacks jurisdiction" is not completely accurate.  The Settlement Agreement plainly states that "[a]ny dispute regarding this Agreement shall be resolved in the Court of Common Pleas of Hamilton County, Ohio or in the United States District Court for the Southern District of Ohio." (Doc. 18, 7(n)).  Therefore, although this Court does not have jurisdiction over the Settlement Agreement through its dismissal order, either party may bring a breach of contract claim against the other party under the Settlement Agreement.

7

## **CONCLUSION**

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. no. 32). The parties agreed in their settlement agreement that either party may enforce the settlement agreement by filing an appropriate action in the Court of Common Pleas of Hamilton County, Ohio, or in the United States District Court for the Southern District of Ohio, thus rejecting any suggestion by the Court that it would retain jurisdiction to enforce the settlement agreement. This agreement of the parties' was confirmed by the Judgment Entry requested and authorized by the parties and entered in this case.

Plaintiff's Motion for Contempt (doc. no. 24) is **DISMISSED**.

**IT IS SO ORDERED.**

                                                            s/Herman J. Weber
                                               Herman J. Weber, Senior Judge
                                               United States District Court